The estate of Olaf Oleson was on April 4, 1940, the owner of certain real estate in Minnehaha County. After proceedings were had in county court for the sale of this land, the appellant, Otto L. Hanson, submitted a bid thereon in the following form and language.
"I hereby submit a firm cash bid of Fourteen Thousand Four Hundred Dollars ($14,400.00) for the following described land: (Describing property).
"I submit herewith a cash payment of Five Hundred Dollars ($500.00) to apply on the purchase price providing said land is confirmed to me by the court. Said Five Hundred dollar cash payment is to be returned to me providing my bid is not accepted by the court. However, in event land is confirmed to me and I should refuse to carry out my part of this bid by paying the remaining price, the said Five Hundred Dollar down payment is to be forfeited by me and retained by you as administrator to compensate you for expenses and costs in this matter.
"It is also agreed that I am to assume and agree to pay the present mortgage on said land of $4,250.00 for which amount I am to receive credit against my bid of $14,400.00.
"I also agree to permit the present tenant, Mr. Veldkamp, to farm the land for season 1940 and occupy the buildings until expiration of present lease which is March 1, 1941, with the understanding that you will assign the present lease to me and I am to accept same with all of the terms contained therein."
Upon this bid the administrator sold the land to this appellant, and thereafter this sale was duly confirmed by the county court.
Appellant in this proceeding is seeking an order from the county court setting aside the order of confirmation. The county court refused to set aside the order and appellant appealed to the circuit court. From an order of the circuit court sustaining the county court appellant has appealed to this court.
No question of the sale proceedings or the proceedings leading up to the confirmation is presented. Appellant's sole contention is that under the bid as submitted he was *Page 623 
privileged to refuse to accept the land, forfeit the five hundred dollar cash payment and thereby rid himself of any obligation to make any further payment or complete the transaction, and for this reason, he contends, the order of confirmation should be set aside.
This contention, even if sustained in a proper proceeding, would not be grounds for setting aside the order of confirmation. The bid, itself, contemplates a confirmation by the county court; it recites, "However, in the event land is confirmed to me." The clause of the bid upon which appellant relies relates by its language only to events following confirmation, and does not afford grounds to set the confirmation aside.
The order appealed from is affirmed.
ROBERTS, WARREN, RUDOLPH, and SMITH, JJ., concur.
POLLEY, P.J., not sitting.